UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Rickey B. Williams**, | ) C/A No. 0:06-2590-CMC-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **State of South Carolina**; and<br>**Third Judicial Circuit Solicitor's Office**; and<br>**Sumter Police Department**, | ) |
| Defendants. | ) |

The plaintiff is a pre-trial detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina, and has brought suit pursuant to 42 U.S.C. § 1983 against the State of South Carolina, the Third Judicial Circuit Solicitor's Office, and the Sumter Police Department. The above-captioned case is the plaintiff's first civil action filed in the United States District Court for the District of South Carolina.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural

1



provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction.  See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this § 1983 complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

## Discussion

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of plaintiff's pending criminal case in the Court of General Sessions for Sumter County. According to the pleadings, plaintiff was arrested on December 13, 2005, and charged with charged with first-degree criminal sexual conduct. On the same day, plaintiff was given a $5,000 surety bond with house arrest. Two days later, however, plaintiff was charged with kidnapping. Bond was set at $30,000 for the kidnapping charge, and it appears that plaintiff has not been able to "make bond." Plaintiff contends that his constitutional rights, including his right to a speedy trial, have been violated, and that he has also been defamed and denied counsel. In his prayer for relief, plaintiff seeks two million dollars ($2,000,000) and an apology from the State of South Carolina.



Since the plaintiff is challenging matters pertaining to his pending criminal case, his § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v.

4



Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees and to persons who are awaiting trial but are not confined (*i.e.*, persons who are awaiting trial but are "out on bond"). *See* Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 896 n. 8, 2001 U.S.App. LEXIS® 1753 (7th Cir. 2001)(Heck bars damages claims which, if successful, would imply the invalidity of a potential conviction on a pending criminal charge); Nelson v. Murphy, 44 F.3d 497, 1995 U.S.App. LEXIS® 116 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Amir-Sharif v. Dallas County Public Defenders, 2006 U.S.Dist. LEXIS® 72632, 2006 WESTLAW® 2848111 (N.D. Texas, October 5, 2006)("Plaintiff acknowledges that no court has ever ruled that the terms of his present confinement are invalid. . . . Consequently, he cannot maintain a civil rights action under 42 U.S.C. § 1983."), which was a civil rights action brought by a pre-trial



detainee; Norris v. Super Cab Co., 1994 U.S.Dist. LEXIS® 16614, 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994); Daniel v. Ruph, 1994 U.S.Dist. LEXIS® 15145, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994); and Barnett v. Thompson, 1994 U.S.Dist. LEXIS® 11990, 1994 WESTLAW® 478498 (N.D.Cal., August 22, 1994); Norris v. Patsy, 1994 U.S.Dist. LEXIS® 11302, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994) [under Heck v. Humphrey, supra, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."].

Further, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[2] Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53

---

[2]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).



(4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 108 L.Ed.2d 616, 110 S.Ct. 1479, 1990 U.S. LEXIS® 1399 (1990). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

In any event, it is also clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. State v. Ard, 332 S.C. 370, 505 S.E.2d 328, 1998 S.C. LEXIS® 136 (1998).[3] It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). If his direct appeal is unsuccessful, the plaintiff can then file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina

---

[3]Unrelated portions of the holding in State v. Ard have been superannuated by later case law.



Code of Laws.  Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case.  *See* § 17-27-100, South Carolina Code of Laws; and <u>Knight v. State</u>, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy.  *See* <u>Miller v. Harvey</u>, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and <u>Patterson v. Leeke</u>, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).  In an application for post-conviction relief, the plaintiff can raise issues relating to ineffective assistance of counsel.  *See* <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); and <u>Brightman v. State</u>, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999).

With respect to Plaintiff's speedy trial claim, the Federal Speedy Trial Act, 18 U.S.C. § 3116 *et seq.*, applies only to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State.  *See, e.g.*, <u>United States v. Hall</u>, 1994 U.S.Dist. LEXIS® 14290, 1994 WESTLAW® 544514 (D.Kan., September 13, 1994); <u>United States v. Hanks</u>, 1994 U.S.Dist.



LEXIS® 14295, 1994 WESTLAW® 544516 (D.Kan., September 13, 1994); and United States v. James, 861 F. Supp. 151, 1994 U.S.Dist. LEXIS® 11910, *3-*12 & nn. 1-2 (D.D.C. 1994).  Hence, the Federal Speedy Trial Act provides no basis for relief in the above-captioned case.   While the Sixth Amendment provides, *inter alia*, that criminal defendants have the right to a speedy and public trial, in light of the plaintiff's failure to exhaust his state remedies, it is unnecessary for this court to conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 530 (1972). This federal district court also cannot order the dismissal of the plaintiff's criminal charges.  Heck v. Humphrey, supra, ["[R]elease from prison is not a remedy available under 42 U.S.C. § 1983." ]; Myers v. Pauling, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995). *See also* Edwards v. Balisok, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

In addition to the applicability of the holding in Heck v. Humphrey, supra, to Plaintiff's claims, it is worth noting that two of the defendants named in this case are immune from suit.  First, the State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral



parts, such as a state agency or department. *See, e.g.,* Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961). Second, since the Third Judicial Circuit Solicitor's Office is an integral part of the State of South Carolina, it also has Eleventh Amendment immunity. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws.



Although they are not named as defendants, the Solicitor for the Third Judicial Circuit[4] and any Assistant Solicitor participating in the plaintiff's pending criminal case would also be immune from suit because of prosecutorial immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606, 1993 U.S. LEXIS® 4400 (1993); Burns v. Reed, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934, 1991 U.S. LEXIS® 3018 (1991); and Dababnah v. Keller-Burnside, 208 F.3d 467, 2000 U.S.App. LEXIS® 6114 (4th Cir. 2000). Prosecutorial immunity extends to the direct appeal and any post-conviction case. See Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979)(prosecutorial immunity extends to appeals). Cf. Lowe v. Letsinger, 772 F.2d 308, 314-315 & n. 7, 1985 U.S.App. LEXIS® 22760 (7th Cir. 1985); and Houston v. Partee, 978 F.2d 362, 365-369 & nn. 3-4, 1992 U.S.App. LEXIS® 27825 (7th Cir. 1992), cert. denied, Partee v. Houston, 507 U.S. 1005, 123 L.Ed.2d 269, 113 S.Ct. 1647, 1993 U.S. LEXIS® 2453 (1993).

---

[4]According to the South Carolina Bar's 2006-2007 *Lawyers Desk Book*, C. Kelly Jackson is the Solicitor for the Third Judicial Circuit.



Finally, the plaintiff cannot obtain damages for defamation in this civil rights action, as an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 103 L.Ed.2d 249, 109 S.Ct. 998, 1989 U.S. LEXIS® 1039 (1989). In any event, under longstanding South Carolina case law, contents of governmental records – such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel. See Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-359 (1827); and Padgett v. Sun News, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982). See also case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, *e.g.*, Medico v. Time, Inc., 643 F.2d 134, 137-140 (3rd Cir.), *cert. denied*, 454 U.S. 836 (1981), where the Court held that a news magazine was privileged to publish a summary of FBI documents identifying the appellant as a member of an organized crime



group; Cox Broadcasting Corp. v. Cohn, 420 U.S. 469 (1975)(prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and Lee v. Dong-A Ilbo, 849 F.2d 876, 878-880 & nn. 1-2 (4th Cir. 1988), *cert. denied*, Dong-A Ilbo v. Lee, 489 U.S. 1067, 103 L.Ed.2d 812, 109 S.Ct. 1343, 1989 U.S. LEXIS® 1288 (1989).

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review

13



prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

November 13, 2006  Bristow Marchant
Columbia, South Carolina  United States Magistrate Judge

14



**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

# The <u>*Serious Consequences*</u> of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

15

